**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MIKE OAKLEAF, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 24-2493-KHV** |
| **SOUTHWEST JANITORIAL SERVICE LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Mike Oakleaf, individually and on behalf of others similarly situated, filed suit against Southwest Janitorial Service LLC.  Plaintiff sues under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  This matter is before the Court on Plaintiff's Unopposed Motion To Approve Settlement Agreement (Doc. #27) filed November 21, 2025.  For reasons stated below, the Court overrules plaintiff's motion as premature.

**Factual Background**

Southwest Janitorial provides cleaning services for commercial businesses and government entities.  From March to April of 2024, Mike Oakleaf provided cleaning services for Southwest Janitorial.  Southwest Janitorial classified plaintiff and other similar workers as independent contractors and paid them a salary without overtime compensation.

On October 31, 2024, plaintiff filed suit against Southwest Janitorial, alleging that it misclassified him and similarly situated workers as independent contractors and failed to pay them overtime as required by the FLSA.

Plaintiff and defendants have reached a settlement.  Under the agreement, defendants will pay $250,000 into a settlement fund that will (1) make payments to potential collective members who choose to opt in; (2) pay the independent settlement administrator the cost of notice and

settlement administration; (3) pay a service award to Mr. Oakleaf; and (4) reimburse plaintiffs' counsel's attorney fees and litigation expenses.  The parties consent to certification under the FLSA and notice of this action and the settlement to a collective of "[a]ll persons working for Southwest Janitorial Service LLC and classified as independent contractors, at any point from October 30, 2021, through November 20, 2025."  Plaintiff's Unopposed Motion To Approve Settlement Agreement (Doc. #27) at 37.

## Analysis

Under the FLSA, on behalf of himself and other "similarly situated" employees, plaintiff can bring a collective action against his employer for unpaid wages or unpaid overtime.  Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013) (quoting 29 U.S.C. § 216(b)).  Here, plaintiff seeks approval of a settlement agreement which purports to settle claims of potential collective members before plaintiff has sought conditional certification of a collective.

An FLSA lawsuit does not become a collective action unless after notice, other plaintiffs opt in by giving written consent.  Elston v. Horizon Glob. Ams., Inc., No. CV 19-2070-KHV, 2020 WL 6318660, at *3 (D. Kan. Oct. 28, 2020); Christeson v. Amazon.com.ksdc, LLC, No. 18-2043-KHV, 2019 WL 354956, at *3 (D. Kan. Jan. 29, 2019).  A named plaintiff therefore cannot settle claims on behalf of putative collective members who have not yet received notice and opted in.  Elston, 2020 WL 6318660, at *3; Christeson, 2019 WL 354956, at *4; see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  Because putative collective class members have not received notice of this lawsuit and an opportunity to opt in, the Court overrules plaintiff's motion to approve the settlement agreement

as premature.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion To Approve Settlement Agreement (Doc. #27) filed November 21, 2025 is **OVERULED**.

Dated this 7th day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]    Where parties attempt to settle an FLSA collective action before conditional certification, they should file a motion which asks the Court to (1) conditionally certify the proposed settlement class, (2) preliminarily approve the proposed settlement and (3) approve the proposed notice to putative class members.  Elston, 2020 WL 6318660, at *3; see Vasquez v. Recover-Care Shawnee, LLC, No. 24-2183-HLT, 2025 WL 1744781, at *3 (D. Kan. Feb. 13, 2025).  If the Court grants such relief, it will order the parties to send the approved notice to the putative class members and it will establish a period during which putative class members may opt in.  Elston, 2020 WL 6318660, at *3.  When the opt-in period expires, the named plaintiff may file a motion for final collective action certification and final settlement approval.  Id.